## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

--------------------------------------------------------------------

**G & G CLOSED CIRCUIT EVENTS, LLC, Licensee**
of the Saul "Canelo" Alvarez v. Gennady "GGG" Golovkin II
Championship Fight Program on September 15, 2018,
2380 South Bascom Ave., Suite 200
Campbells, CA  95008


### PLAINTIFF

                                                        **CASE NO.**

        -against-

**19TH & K, INC.**
**d/b/a Ozio Martini & Cigar Lounge**
Serve: Steven Christacos
1813 M Street, N.W.
Washington, DC  20036


**SALL ABDOULAYE**
1813 M Street, N.W.
Washington, DC  20036

**STEVEN CHRISTACOS**
1813 M Street, N.W.
Washington, DC  20036

        and

**GEORGE CHRISTACOS**
6409 Vale Street
Alexandria, VA  22312



### DEFENDANT

--------------------------------------------------------------------

Plaintiff, **G & G CLOSED CIRCUIT EVENTS, LLC.,** (hereinafter referred to as "Plaintiff"), by its attorneys, ROSENTHAL GORMLY, CHARTERED., complaining of the Defendant(s) herein, respectfully sets forth and alleges, as follows:

## JURISDICTION AND VENUE

1.  This action is brought pursuant to 47 U.S.C. §§ 553 or 605.

2.  This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

3.  All contractual conditions precedent have been fulfilled.

4.  Upon information and belief, venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 101 because, *inter alia,* a substantial part of the events or omissions giving rise to the claim occurred within the District of Columbia.

5.  This Court has personal jurisdiction over the parties in this action.  Defendant(s) to this action had or have an agent or agents who has or have independently transacted business in the District of Columbia and certain activities of Defendant(s) giving rise to this action took place in the District of Columbia; more particularly, Defendant(s) acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the satellite programming transmission signals, which took place within the District of Columbia.  Moreover, upon information and belief, Defendant(s) have their principal place of business within the District of Columbia; thus, this Court has personal jurisdiction over Defendant(s).

## THE PARTIES

6.  The plaintiff is a limited liability company with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, CA 95008.

7. Upon information and belief, the Defendant, 19th & K Inc., dba Ozio Martini & Cigar Lounge is a corporation with its principal place of business within the District of Columbia.

8. Defendant Steven Christacos identifies himself as "owner" of Ozio Martini & Cigar Lounge on his Linkedin profile.  He was identified by his attorney at an Alcoholic Beverage Control Board meeting as "Vice President and one of the principals" of Ozio.

9. Defendant George Christacos is identified as a governor of 19th and K, Inc. with the Department of Consumer and Regulatory Affairs.  He has represented himself as president of 19th & K, Inc. before the Alcoholic Beverage Control Board.

10. Defendant Sall Abdoulaye is listed as the general manager on Ozio's facebook page.  He was also identified as such before the Alcoholic Beverage Control Board.  He was further identified as a "person-in-charge" by the D.C. Health Department.

**Factual Background Information.**

11.  On September 15, 2018, the Defendant, 19th & K Inc., dba Ozio Martini & Cigar Lounge located at 1813 M Street, N.W., Washington, DC 20036 was observed by an Investigator exhibiting the Saul "Canelo" Alvarez v. Gennady "GGG" Golovkin II Championship Fight Program in its establishment.  A copy of the Investigator's Affidavit is attached hereto as *Plaintiff's Exhibit A.*

12.  The Event was advertised on a social media site ("Eventbrite") in regards to the Saul "Canelo" Alvarez v. Gennady "GGG" Golovkin II Championship Fight Event of September 15, 2018, being exhibited at the establishment.   A copy of the Online Advertisement of the September 15, 2018 Fight Event is attached hereto as *Plaintiff's Exhibit C.*

## COUNT I

13.  Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "12," inclusive, as though set forth herein at length.

14.   By contract, Plaintiff was granted the right to distribute the Saul "Canelo" Alvarez v. Gennady "GGG" Golovkin II Championship Fight Program, including all undercard bouts and the entire television broadcast, scheduled for September 15, 2018, (hereinafter referred to as the "Broadcast"), via closed circuit television and via encrypted satellite signal.  The Broadcast originated via satellite uplink, and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

15.   Pursuant to the contract, Plaintiff entered into subsequent agreements with various entities in the District of Columbia, allowing them to publicly exhibit the Broadcast to their patrons.

16.   In consideration of the aforementioned agreements, Plaintiff expended substantial monies to transmit the Broadcast to those entities in the District of Columbia.

17.   Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, Defendant(s) and/or their agents, servants, workmen and/or employees unlawfully intercepted, received and/or de-scrambled said satellite signal, and did exhibit the Broadcast at the above-captioned address and/or addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

18.   Upon information and belief, Defendant(s) and/or their agents, servants, workmen and/or employees used an illegal satellite receiver, intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's broadcast, which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal methods of accessing the Broadcast, including but not limited to, (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment; (2) commercially misusing cable or satellite by registering same as a residence when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence, into a business.     In addition, emerging

technologies, such as broadband or internet broadcast, as well as "slingbox" technology (which allows a consumer to literally sling the Broadcast from his personal home cable or satellite systems into his computer), can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world. Each of these methods would allow Defendant(s) to access the Broadcast unlawfully. Prior to Discovery, Plaintiff is unable to determine the manner in which Defendant(s) obtained the Broadcast.  However, it is logical to conclude that Defendant(s) utilized one of the above described methods or another to intercept and exhibit the broadcast without entering into an agreement to obtain it lawfully from Plaintiff, the legal rights holder for commercial exhibition.

19. 47 U.S.C. § 605(a) prohibits the unauthorized reception and publication or use of communications such as the transmission herein, to which Plaintiff held the distribution rights.

20.  By reason of the aforementioned conduct, Defendant(s) herein willfully violated  47 U.S.C. § 605(a).

21.   By reason of Defendant(s) violation of 47 U.S.C. § 605(a), Plaintiff has a private right of action pursuant to 47 U.S.C. § 605.

22.  As a result of Defendant(s) willful violation of 47 U.S.C. § 605(a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. § 605(e)(3)(C)(i)(II) and (ii), of up to the maximum amount of $110,000.00 as to the Defendant(s) herein.

23.  Pursuant to 47 U.S.C. § 605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

24.  Plaintiff hereby incorporates paragraphs "1" through "23," inclusive, as though fully set forth herein at length.

25.  Upon information and belief, with full knowledge that the Broadcast was not to be received

and exhibited by entities unauthorized to do so, Defendant(s) and/or their agents, servants, workmen and/or employees did exhibit the Broadcast at the above-captioned address or addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

26.   47 U.S.C. § 553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system, such as the transmission herein, to which Plaintiff had the distribution rights.

27.   Upon information and belief, Defendant(s) individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

28.   By reason of the aforementioned conduct, Defendant(s) herein willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

29.   As a result of Defendant(s) violation of 47 U.S.C. § 553, Plaintiff is entitled to damages in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

30.   Without further discovery from and/or admission by Defendant(s), Plaintiff cannot determine if Defendant(s) intercepted Plaintiff's signal via a cable system, in violation of 47 U.S.C. § 553, or via a satellite transmission, in violation of 47 U.S.C. § 605.   As such, Plaintiff is alleging two (2) counts in its Complaint.   Plaintiff recognizes that Defendant(s) can be liable for only one (1) of these statutes.

## REQUEST FOR INJUNCTIVE RELIEF

31.   Plaintiff hereby incorporates paragraphs "1" through "30", as though fully set forth herein at length.

32.   Plaintiff further alleges that unless restrained by this Court, Defendant(s) will continue

to receive, intercept, transmit, and exhibit its programming, which originated via satellite uplink, illegally and without authorization, in violation of 47 U.S.C. §553 or 605.

33.   The violations of 47 U.S.C. §553 or 605 set forth above have caused and will continue to cause Plaintiff irreparable harm.

34.   Plaintiff cannot practicably determine the lost revenues resulting from Defendant(s) unlawful conduct.   In addition to diminishing Plaintiff's revenues, the Defendant(s) unlawful conduct injures Plaintiff's reputation and goodwill, thereby impairing Plaintiff's ability to enhance its future growth and profitability.

35.   Plaintiff has no adequate remedy at law to redress the violations set forth above.

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against the Defendant(s) herein, granting to Plaintiff the following:

(a) A finding that the Defendant(s) unauthorized exhibition of the September 15, 2018, Alvarez/Golovkin Broadcast violated the Federal Communications Act and that such violations were committed willfully and for purposes of the Defendant(s) direct or indirect commercial advantage or for private financial gain; and

(b)   In accordance with 47 U.S.C. §553(c)(2)(A) and 47 U.S.C. § 605(e)(3)(B)(i), enjoin the Defendant(s), and Defendant(s) corporation and establishment, their owners, officers, agents, servants, employees and attorneys, and all persons in active concert   or participation with any of them from (i) interfering with Plaintiff's programming; (ii) intercepting, receiving, divulging, or displaying Plaintiff's programming without prior written consent of Plaintiff; and (iii) further violations;

(c)   On the first cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $110,000.00 as to the Defendant(s) for

its willful violation of 47 U.S.C. § 605(a); or

(d) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 as to the Defendant(s) for its violation of 47 U.S.C. § 553; And

(e) Attorney's fees, interest, costs of suit as to the Defendant(s) pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or § 553(c)(2)(C), together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/S/ Charles F. Gormly

_____
Charles F. Gormly (452120)
ROSENTHAL GORMLY, CHTD.
5101 Wisconsin Ave., N.W., Suite 302
Washington, D.C. 20016
Phone: (202) 785-9773
Fax: (202) 265-7756
Attorney for **G & G CLOSED CIRCUIT EVENTS, LLC,**

Date: April , 2019